UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JENNIFER VANCAMPER and FRANCIS VANCAMPER,

         Plaintiffs,

  -against-

CITY OF NEW YORK, ELVIN GOMEZ, EZEKIEL GUTIERREZ, MITCHELL ATILES, and JOHN and JANE DOE 1 through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

         Defendants,

------------------------------------------------------------------X

**AMENDED COMPLAINT**

09 CV 6961 (RMB)

Jury Trial Demanded



RECEIVED MAY 28 2010 U.S.D.C. S.D.N.Y. CASHIERS

  Plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

  1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

  2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

  4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff JENNIFER VANCAMPER is a twenty-five year old Hispanic American woman.

7.  Plaintiff FRANCIS VANCAMPER is a twenty-one year old Hispanic American man. He is plaintiff FRANCIS VANCAMPER'S older sister.

8.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.  That at all times hereinafter mentioned, the individually named defendants, ELVIN GOMEZ, EZEKIEL GUTIERREZ, MITCHELL ATILES, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.  That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On May 3, 2008, at approximately 6:15 p.m., the defendant police officers handcuffed plaintiff FRANCIS VANCAMPER in front of 638 West 160th Street, Manhattan, New York and placed him up against the building. The defendants searched plaintiff and removed plaintiff's personal property from his pockets and placed it on a ledge of the building. Plaintiff FRANCIS VANCAMPER saw plaintiff JENNIFER VANCAMPER in the area and yelled to her, in sum and substance, come take my personal property. Some of the defendant police officers were well within ear shot of plaintiffs FRANCIS VANCAMPER'S statement to plaintiff JENNIFER VANCAMPER.

14. Plaintiff JENNIFER VANCAMPER, while holding her one year old cousin in her arms, approached plaintiff FRANCIS VANCAMPER and picked up a cell phone sitting on the ledge. Defendant ELVIN GOMEZ stated, in sum and substance, put the phone back its evidence, and plaintiff complied, placing the phone back on the ledge. When plaintiff JENNIFER VANCAMPER pointed at a second cell phone sitting on the ledge, defendant GOMEZ grabbed plaintiff JENNIFER VANCAMPER'S wrist and pushed her up against the building, breaking her glass bracelets and causing abrasions to her wrist. Plaintiff FRANCIS VANCAMPER stated to defendant GOMEZ, in sum and substance, stop, that's my sister, she's holding a baby. Defendant GOMEZ grabbed plaintiff FRANCIS VANCAMPER and slammed him into a glass window, causing the glass to shatter, and causing multiple lacerations on plaintiff's arms which required approximately eighteen stitches to repair.

15. Thereafter, defendant GOMEZ grabbed plaintiff JENNIFER VANCAMPER'S hair and shirt, slammed her into a vehicle and onto the ground, breaking the vehicle's side view mirror. Defendant police officers jumped on plaintiff JENNIFER VANCAMPER'S back and handcuffed her. The defendant police officers transported plaintiff to an NYPD precinct stationhouse where she was unlawfully imprisoned.

16. The defendants unlawfully imprisoned plaintiff JENNIFER VANCAMPER until May 9, 2008, when plaintiff was arraigned on baseless charges filed in New York County Criminal Court under docket # 2008NY035276; said charges having been filed based on the false allegations of defendant GOMEZ. The defendants caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality. On December 4, 2008, the false charges were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

17. All of the above occurred while the other defendant NYPD officers failed to intervene in the illegal conduct described herein.

18. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

19. As a result of the foregoing, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

20. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

22. All of the aforementioned acts deprived plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

26. Plaintiff JENNIFER VANCAMPER repeats, reiterates, and realleges each and

every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants arrested plaintiff JENNIFER VANCAMPER without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

28. Defendants caused plaintiff JENNIFER VANCAMPER to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER'S constitutional rights.

31. As a result of the aforementioned conduct of defendants, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER were subjected to excessive force and sustained physical and emotional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

32. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants had an affirmative duty to intervene on behalf of plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER, whose constitutional rights were being violated in their presence by other officers.

6

34. The defendants failed to intervene to prevent the unlawful conduct described herein.

35. As a result of the foregoing, plaintiff JENNIFER VANCAMPER'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and excessive force; plaintiff FRANCIS VANCAMPER was put in fear of his safety and subjected to excessive force.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

36. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

38. Plaintiff JENNIFER VANCAMPER repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

40. As a result of the foregoing, plaintiff JENNIFER VANCAMPER was deprived of her liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

41. Plaintiff JENNIFER VANCAMPER repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants issued criminal process against plaintiff JENNIFER VANCAMPER by causing her arrest and prosecution in a criminal court.

43. Defendants caused plaintiff JENNIFER VANCAMPER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their brutality and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant

CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER.

48. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JENNIFER VANCAMPER was unlawfully arrested and subjected to excessive force and plaintiff FRANCIS VANCAMPER was subjected to excessive force.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER'S constitutional rights.

52. All of the foregoing acts by defendants deprived plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER of federally protected rights, including, but not

limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from false arrest;

  C. To be free from excessive force;

  D. To be free from the failure to intervene;

  E. To be free from malicious abuse of process;

  F. To receive equal protection under law.

53. As a result of the foregoing, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

54. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

56. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

57. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

58. Plaintiffs have complied with all conditions precedent to maintaining the instant

action.

59. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

60. Plaintiff JENNIFER VANCAMPER repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants arrested plaintiff JENNIFER VANCAMPER without probable cause.

62. Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

63. As a result of the aforementioned conduct, plaintiff JENNIFER VANCAMPER was unlawfully imprisoned in violation of the laws of the State of New York.

64. As a result of the aforementioned conduct, plaintiff JENNIFER VANCAMPER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

65. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. As a result of the foregoing, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER were placed in apprehension of imminent harmful and offensive bodily contact.

67. As a result of defendant's conduct, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER have suffered physical pain and mental anguish, together with shock,

fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

68. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants made offensive contact with plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER without privilege or consent.

70. As a result of defendants' conduct, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

71. Plaintiff JENNIFER VANCAMPER repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants issued criminal process against plaintiff JENNIFER VANCAMPER by causing her to be arrested, arraigned and prosecuted in criminal court.

73. Defendants caused plaintiff JENNIFER VANCAMPER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

74. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

76. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

77. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

78. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER.

79. As a result of the aforementioned conduct, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

80. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER.

82. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

87. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91. As a result of the foregoing, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JENNIFER VANCAMPER and FRANCIS VANCAMPER demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 26, 2010

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>        BRETT H. KLEIN
>
> Attorneys for Plaintiffs JENNIFER VANCAMPER
> and FRANCIS VANCAMPER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JENNIFER VANCAMPER and FRANCIS VANCAMPER,

                            Plaintiffs,

                                                                   09 CV 6961 (RMB)

    -against-

CITY OF NEW YORK, ELVIN GOMEZ, EZEKIEL GUTIERREZ,
MITCHELL ATILES, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                            Defendants,

-------------------------------------------------------------------------------X

## AMENDED COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100